UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARK DUDLEY and ROBERT JOLLY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>)<br>INDYMAC BANK, FSB; ROGERS, )<br>TOWNSEND & THOMAS, PC; SPECIAL )<br>REFEREE GEORGETOWN COUNTY, )<br>JOE M. CROSBY; and others as they )<br>become known; )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 2:08-cv-3658-TLW-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

Plaintiffs, who are proceeding pro se, bring this action under the Consumer Credit Protection Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Fair Credit Billing Act, among others. Plaintiffs also assert state law causes of action for libel, libel per se, slander, slander per se, fraud, conspiracy to commit fraud, extortion and duress. Presently before the Court are Defendant Joe M. Crosby's Motion to Dismiss (Document # 11) and Defendants IndyMac Bank, FSB's (Indymac) and Rogers Townsend & Thomas, PC's (RTT) Motion to Dismiss (Document # 37). Because Plaintiffs are proceeding pro se, they were advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motions could result in dismissal of their Complaint. Plaintiff filed a Response (Document # 19) to Defendant Crosby's Motion but not to Defendants' IndyMac's and RTT's Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because

Defendant's Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiffs are pro se litigants, and thus their pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal pursuant to Rule 12. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.    DEFENDANT CROSBY'S MOTION TO DISMISS**

This case arises out of a foreclosure action filed in Georgetown County, South Carolina, captioned "IndyMac Bank, FSB, v. Robert Steve Jolly; Mortgage Electronic Registration Systems, Inc. (MIN# 100112065737695938); and Sun Trust Bank." The case was referred to Defendant Crosby as either Special Referee or Master-in-Equity.[1] Defendant Crosby moves for dismissal under Rule 12(b)(6) based on the doctrine of judicial immunity.

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. See Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. See Art. V, § 4, S.C. Const.; Bailey v. State, 309 S.C. 455, 424 S.E.2d 503 (1992).

Masters-in-Equity and Special Referees fall within South Carolina's unified judicial system.

---

[1] Plaintiffs allege that Crosby was appointed Special Referee. Crosby asserts that the matter was referred to him as Master-in-Equity. However, this factual distinction is irrelevant as Masters-in-Equity and Special Referees perform the same functions. See S.C. Code Ann. § 15-31-150 and § 14-11-60.

Rule 53(c), S.C.R.Civ.P., provides that Masters-in-Equity and Special Referees "shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter." Furthermore, Rule 53(e), S.C.R.Civ.P., provides that appeals from any order or judgment issued by a Master-in-Equity or Special Referee shall be to the Supreme Court or the Court of Appeals. See also S.C. Code Ann. § 14-2-50 (noting that the offices of master-in-equity and special referee are a part of the judicial system). Accordingly, they are afforded judicial immunity for acts done by them in the exercise of their judicial functions.

As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v.

Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Because Plaintiffs' claims against Crosby arise out of his role as either Master-in-Equity or Special Referee in the foreclosure action, Crosby is entitled to judicial immunity and the claims against him should be dismissed.

## IV.  DEFENDANTS INDYMAC'S AND RTT'S MOTION TO DISMISS

Defendants IndyMac and RTT move for dismissal under Rule 12(b)(2), Fed.R.Civ.P., for Plaintiffs' failure to serve the Summons and Complaint as required by Rule 4(m), Fed.R.Civ.P.

Rule 4(m), Fed.R.Civ.P., provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiffs filed this action on November 3, 2008.  Summonses were issued by the Court to Plaintiffs on November 6, 2008.  To date, no proof of service on Defendants IndyMac and RTT has been entered in the Court's docket.

The Fourth Circuit has held that "Rule 4(m) requires that good cause be shown for obtaining

an extension." Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995) (citing Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir.1993)); see also Shaw v. Beaufort County Sheriff's Office, No. 07-2076, 2008 WL 4889111 (4th Cir. Nov. 13, 2008). Plaintiffs have not shown good cause for their failure to serve the complaint within 120 days of its filing as required by Rule 4(m). Accordingly, dismissal without prejudice pursuant to Rule 4(m) is appropriate here.

Furthermore, Plaintiffs have failed to respond to Defendants IndyMac's and RTT's Motion to Dismiss, despite being warned that a failure to respond could result in dismissal of their claims. As such, dismissal pursuant to Rule 41(b), Fed.R.Civ.P., is appropriate as well. See Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

## V.     CONCLUSION

For the reasons stated above, it is recommended that Defendant Crosby's Motion to Dismiss (Document # 11) be granted and the claims against him be dismissed with prejudice, that Defendants IndyMac's and RTT's Motion to Dismiss (Document # 37) be granted and the claims against them be dismissed without prejudice, and that the case be closed.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the attached page.**