IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mark Dudley and Robert Jolly; | ) | C.A. No. 2:08-3658-TLW-TER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| IndyMac Bank, FSB; Rogers, Townsend & Thomas, PC; Joe M. Crosby; and others as they become known; | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiffs, proceeding *pro se*, bring this action asserting both federal and state causes of action. Plaintiffs' claims arise out of a foreclosure action filed in Georgetown County, South Carolina.

On November 26, 2008, Defendant Crosby moved to dismiss this action. On March 26, 2009, the remaining defendants filed a motion to dismiss. On June 3, 2009, United States Magistrate Judge Thomas E. Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report"). In his Report, Magistrate Judge Rogers recommends that the claims against Defendant Crosby be dismissed with prejudice and that the remaining defendants be dismissed without prejudice. The Plaintiffs did not file objections to the Report.[1] On June 22, 2009, the FDIC, as receiver for IndyMac Bank, filed an objection to the Report. While the FDIC agrees that IndyMac Bank should be

---

[1] The Plaintiffs also failed to file a response to the motion to dismiss filed by Indymac Bank and Rogers, Townsend, and Thomas.

1

dismissed, the FDIC maintains that the claims against IndyMac Bank should be dismissed with prejudice.[2]

This Court is charged with reviewing the Magistrate's Report and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and the objections thereto and has concluded that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 43) and Defendants' motions to dismiss are **GRANTED** (Docs. # 11, 37). However, this case is not closed. While the claims against IndyMac Bank have now been dismissed, this Court remands to the Magistrate Judge the question of whether this dismissal should be with prejudice or without prejudice. The Magistrate Judge shall consider the FDIC's motion to dismiss with prejudice (Doc. #48) and issue a Report and Recommendation advising this Court as to a recommended resolution of the issue.

---

[2] Subsequent to Judge Rogers' Report, the FDIC also filed a motion asserting that IndyMac Bank should be dismissed with prejudice (Doc. # 48). That motion is currently pending before the Court.

2

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 9, 2009

Florence, South Carolina